# ATTACHMENT 5

## OWNERS VOYAGE ESTIMATION – 1ST VOYAGE ONLY
### CALCULATION OF TIME CHARTERPARTY EQUIVALENT
### RATE OF HIRE (TCE) PER DAY

VESSEL'S NAME    :    M/V CAMEL

C/P DATE    :    29/08/07 (delivery 07/09/07)

CARGO    :    Barley

(a) Estimated Income:

38000 MT X USD 45/MT    =    1,710.00

           Total Freight    1,710.00

           Total Income    1,645,875.00

b) Estimated costs

  IFO : 27,00 / day x 24 days x USD 420 =    272,160

  MDO : 3,0 / day x 41,4 days x USD 710 =    88,182

           Total    =    360,342

c) Commission at 3.75%    =    64,125

Expected D/AS Loadport    40,000
           Discharge port    25,000
           Total    65,000

           Suez Canal Dues (2 times)    280,000

           Total Expenses    705,342
                       940,533

Net Expected Profit  - only for first voyage

Time Charter Equivalent rate:    940,533/41.4 days = 22,718.

# ATTACHMENT 6

SECOND VOYAGE MV CAMEL JEDDAH-NOVOROSSIYSK-JEDDAH

# INCOME

FREIGHT   38.000 MT  X  45,50 USD ...................... 1,729.000,00 USD

### EXPENSES FOR ABOVE VOYAGE

| BUNKERS | USD |
|---|---|

**A. CONSUMPTION AT SEA 15 DAYS**

| | |
|---|---|
| 1. IFO 15 x 27 x 420 | = 170.100 |
| 2. DIESEL 15 x 3.2 x 710 | =  34.080 |

**B. CONSUMPTION AT STRAITS (SUEZ & TURKISH)**

| | |
|---|---|
| 1. PASSING SUEZ TWO TIMES  20+20=40 x 710 | = 28.400 |
| 2. PASSING PASSING TURKISH STRAITS TWO TIMES 12+12=24 x 710 | =  17.040 |

**C. CONSUMPTION AT PORTS 17 DAYS**

| | |
|---|---|
| 1. IFO 17 MT x 1 x 420 | =  7.140 |
| 2. DIESEL 17 x 3.2 =54.4 x 710 | =  38.624 |

**D. VARIOUS EXPENSES**

| | |
|---|---|
| D/A NOVOROSSIYSK | = 50.000 |
| D/A JEDDAH | = 25.000 |
| PASSING VOSPORUS | = 10.000 |
| PASSING SUEZ CANAL (TWO TIMES) | = 305.000 |
| TOTAL COMMISSION 5% | =  85.312 |
| TOTAL EXPENSES | = 770.696 USD |

1.729.000 USD - 770.696 USD .......   958.304  USD : 32 DAYS = 29.947 USD

ATTACHMENT 7

MV CAMEL VOYAGE NOVOROSSIYSK / ALEXANDRIA: **ACCNT DELTA**
CARGO : BULK WHEAT 31.500 MT

| | |
|---|---|
| VESSEL FIXED WITH DELTA ON | 20/09/07 AT 21.00 HRS |
| VESSEL ARRIVED NOVOROSSIYSK | 26/09/07 AT 18.00 HRS |
| SAILED FROM NOVOROSSIYSK | 09/10/07 AT 04.40 HRS |
| ARRIVED ALEXANDRIA (EL DEKHEILA) | 14/10/07 AT 14.30 HRS |
| SAILED FROM ALEXANDRIA (EL DEKHEILA) | 12/11/07 AT NOON TIME |

INCOME

FREIGHT 31.500 x 36,75 USD........................................................**1.157.625 USD**
DEMURRAGES AT DISCHARGING PORT.......................................... 399.353 USD
                                                                                                   ————————
TOTAL INCOME..........................................................................**1.556.978 USD**

EXPENSES FOR ABOVE VOYAGE
==================================

BUNKERS                                                                                    USD

A. CONSUMPTION AT SEA 9 DAYS

1. IFO 9DAYS x 27MT x 420 $                                        = 102.060

B. CONSUMPTION AT PORT

1. IFO 44DAYS x 1MT x 420 $ (INCLUDING 2 DAYS WAITING AT VOSPORUS) =  18.480

2. DIESEL 53 DAYS x 3MT x 710$                                     = 112.890

C. CONSUMPTION AT TURKISH STRAITS

1. DIESEL 12 MT x 710 $                                            =   8.520

D. VARIOUS EXPENSES

D/A VOSPORUS                                                       =  10.000
D/A NOVOROSSIYSK                                                   =  60.335
D/A ALEXANDRIA (EL DEKHEILA)                                       =  21.845

TOTAL COMMISSION 6,25 %                                            =  97.311
                                                                      ————————
TOTAL EXPENSES ...................................................................**431.441 USD**


PROFIT....................................................................................... **1.125.537 USD**


DAILY HIRE: 1.125.537 USD : 53 DAYS = 21.236 USD DAILY

## M/V CAMEL

## CALCULATION OF TOTAL LOSSES INCURRED
## FOLLOWING FROM TRANSGRAIN'S CALCULATION

| | |
|---|---|
| Date of Transgrain Charterparty (29/08/07) delivered on | 07/09/07 |
| Date of Unlawful Cancellation | 18/09/07 |
| Date of New Fixture with Delta | 20/09/07 |
| Total | 14.830 days |

Total losses of hire
Until cancellation    =    14,830 days x 22,718 [*1]   =   US$ 336,908.00

| | | |
|---|---|---|
| TCE Calculated for the Delta Charterparty | = | US$ 21,236.00 / day |
| Total Number of days of Delta Charterparty | = | 54 days |
| Average TCE Calculated for Transgrain Charterparty | = | 26,332.50[*2] / day |
| Difference = US$ 26,332.50 – US$ 21,236 | = | US$ 5,096.50 |

Total losses of hire under Delta Charterparty

| | | |
|---|---|---|
| US$ 5,096.50 x 54 days | = | US$ 275,211.00 |
| Total Loss of Hire | = | US$ 612,119.00 |

Additional Losses

| | | |
|---|---|---|
| Cost of passing Suez Canal | = | US$ 140,582.00 |
| Bunkers Consumed up to cancellation | = | US$ 188,706.00 |
| Plus Ballast Bonus | = | US$ 200,000.00 |
| Total Additional Losses | = | US$ 529,288.00 |
| **Total Losses** | | **US$ 1,141,407.00** |

*1 Please refer to Attachment 5
*2 Average TCE of Transgrain Charterparty = (22,718 + 29,947) / 2 = 52,665 / 2 = 26,332.50

# ATTACHMENT 9



McGREGOR

ON

DAMAGES

THOMSON

SWEET & MAXWELL

THE COMMON LAW LIBRARY

# McGREGOR
## ON
# DAMAGES

BY

**HARVEY McGREGOR**
Q.C., D.C.L., S.J.D.

CHAPTER 42 ON THE HUMAN RIGHTS ACT CONTRIBUTED BY
MARTIN SPENCER Q.C.

CHAPTERS 43–45 ON PROCEDURE REVISED BY
JULIAN PICTON

*SEVENTEENTH EDITION*

LONDON
SWEET & MAXWELL
2003

Case 1:07-cv-09823-CM   Document 11-3   Filed 02/28/2008   Page 11 of 11

injured, fails to take reasonable steps to obtain medical aid and thereby fails to cut down the pain and suffering resulting from the injury.[18] Lord Sumner in *Admiralty Commissioners v S.S. Chekiang*[19] and again in *Admiralty Commissioners v S.S. Susquehanna*[20] clearly recognised the application of the mitigation doctrine to tort and in *The Liverpool (No.2)*[21] Lord Merriman P. said similarly: "The classic statement [namely of Lord Haldane], although made in an action arising out of a breach of contract, applies equally, *mutatis mutandis*, to tort."

**(b) A question of fact or a question of law.** In *Payzu v Saunders*[22] both          7–016
Bankes and Scrutton L.JJ. said that the question of mitigation of damage is a question of fact[23]; in *The Solholt*[24] Sir John Donaldson M.R. said[25] that "whether a loss is avoidable by reasonable action on the part of the claimant is a question of fact not law" and that "this was decided in *Payzu v Saunders*".[26] It has never been doubted since; today it tends to be regarded as trite law. One result of this is that, once a court of first instance has decided that there has been, or has not been, a failure to mitigate, it is difficult to persuade an appellate court to come to a different view. Mitigation being a question of fact, "it is therefore rarely appropriate", said Potter L.J. in *Standard Chartered Bank v Pakistan National Shipping Corp*,[27] "to interfere with the conclusions of the trial judge based as they are on the evidence (or lack of satisfactory evidence) before him". *The Solholt*[28] and *Standard Chartered Bank v Pakistan National Shipping Corp*[29] themselves both provide good illustrations of this, the Court of Appeal upholding the trial judges' findings of failure to mitigate in the earlier case[30] and of no failure to mitigate in the later one.[31] Of course what was being referred to in these cases was whether a claimant, required to take all reasonable steps to mitigate his loss if he is to recover for that loss, has or has not failed to do so; whether there is in the particular circumstances a need to mitigate in the first place will be a question of law.[32]

---

[18] *cf.* the cases at para.7–056, below.
[19] [1926] A.C. 637, at 646.
[20] *ibid.* at 663.
[21] [1963] P. 64 at 77–78.
[22] [1919] 2 K.B. 581, CA.
[23] *ibid.* at 588 and 589 respectively.
[24] [1983] 1 Lloyd's Rep. 605, CA.
[25] *ibid.* at 608, col.1.
[26] [1919] 2 K.B. 581, CA.
[27] [2001] 1 All E.R. Comm. 822, at para.47.
[28] [1983] 1 Lloyd's Rep. 605, CA.
[29] [2001] 1 All E.R. Comm. 822.
[30] See the case at para.7–046, below.
[31] See the case at para.7–063, below.
[32] For circumstances in which the need to mitigate may not arise, see paras 7–020 *et seq.*, below.