BLANK ROME, LLP
Attorneys for Defendant
Transgrain Shipping (Singapore) Pte. Ltd.
Jack A. Greenbaum (JG 0039)
405 Lexington Ave.
New York, N. Y. 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

GRANVILLE NAVIGATION S.A.

                Plaintiff,             07 CV 9823 (CM)

      - v --

TRANSGRAIN SHIPPING (SINGAPORE)
PTE. LTD.

                Defendant.
_____

      JACK A. GREENBAUM deposes and says:

      1. I am a member of the firm of Blank Rome LLP, attorneys for defendant Transgrain

Shipping (Singapore) Pte. Ltd. ("Transgrain"). This declaration and the declarations of Timonthy

Hill and Katrakis Iraklis, and the accompanying Memorandum of Law, are submitted in support

of Transgrain's application by order to show cause for an order pursuant to Rule E(4)(f) and E(6)

of the Supplemental Rules for Admiralty and Maritime Claims to vacate or reduce the amount of

security granted in this maritime attachment action, on the grounds that Plaintiff has not

sustained any damages as a matter of law.

      2. This application is made by Order to Show Cause because Supplemental Rule E(4)(f)

entitles a party whose funds have been wrongfully restrained to a prompt hearing and Rule E.1 of

the Local Admiralty and Maritime Rules of this Court provides for a hearing within three Court

days, unless otherwise ordered.    Transgrain requests a hearing at the Court's earliest convenience, not necessarily within three days.

3. The Complaint herein alleges that Transgrain, as charterer, wrongfully repudiated a charter party of the M/V CAMEL with Plaintiff, as ship owner. The principal amount claimed is $937,335.45, plus anticipated interest, lawyers' fees and arbitrators' fees, for a total of $1,220,695.30. So far, electronic fund transfers amounting to $625,363.47 have been restrained.

4. The principal claim is comprised of a ballast bonus that would have been payable under the charter party, plus the cost of the fuel and Suez Canal costs incurred to sail to the delivery port contemplated in the charter party. However, as shown by the accompanying declaration of barrister Timothy Hill and Transgrain's Memorandum of Law, the proper measure of damages under both English law (which governs the charter) and American law is the difference between what Plaintiff would have earned under the unperformed charter party and what it did or with reasonable diligence could have earned under a substitute charter party. Further, as shown by the accompanying declaration of Katrakis Iraklis, the charter market rose steeply between the time the Transgrain charter was made and the time performance would have commenced, to the extent that Plaintiff unquestionably earned more than it would have earned from Transgrain, and sustained no loss.

6. Deponent has provided a copy of this application by e-mail to Defendant's counsel, Donald P. Murnane and Manuel A. Molina of Freehill, Hogan & Mahar, LLP.

7. No prior request for this or any similar relief has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, N. Y. on February 19, 2008

JACK A. GREENBAUM   (JG-0039)

2

128872.00601/6616982v.1